IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| SAMUEL YERGLER and NICHOLAS HOLLOWS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF EUGENE,<br><br>　　　　Defendant.<br>_____ | Case No. 6:23-cv-01545-MC<br><br>ORDER |

MCSHANE, Judge:

On January 24, 2025, the Court entered judgment in Defendant's favor. J., ECF No. 33. As the prevailing party, Defendant now moves pursuant to Federal Rule of Civil Procedure 24 and 28 U.S.C. § 1920, seeking to recover costs of $774.50. Def.'s Bill of Costs, ECF Nos. 34; Def.'s Memo., ECF No. 35. Plaintiffs object. Pls.' Objs., ECF No. 37. Absent a compelling reason to deny or reduce Defendant's request, the Court GRANTS the Bill of Costs as stated below.

In general, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). By its terms, Rule 54 creates a strong presumption in favor of awarding costs, and therefore it is incumbent upon the losing party to demonstrate why the costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003). Consistent with that, "[a] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of

an award." *Id.* at 945. If a court does decline to award costs to a prevailing party, its reasons for doing so must be specified. *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citation omitted). "[T]he substantial public importance of the case" as well as "the chilling effect on future similar actions" are factors that the district may properly consider when deciding to refuse costs. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citation omitted).

The type of expenses that are recoverable as costs under Rule 54 are enumerated at 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–45 (1987). Although the district court is afforded discretion in deciding whether to award costs, it may not deploy that discretion to tax expenses beyond those provided in § 1920. *Id.*

Defendant here requests costs pursuant to § 1920(2), which allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." § 1920(2). Specifically, Defendant seeks reimbursement for the following costs: the court reporter's appearance fee ($175.00),[1] original copies of Mr. Yergler and Mr. Hollows' transcripts ($355.50), a videoconference fee to facilitate Mr. Hollows' remote deposition ($25.00), certified copies of Craig Carnagey and Eric Eason's transcripts ($198.00), and an electronic exhibit fee for those depositions ($21.00). *See* Def.'s Memo. 2; Miller Decl. Ex. 1 at 1, ECF No. 36; Miller Decl. Ex. 1 at 1, ECF No. 41. Each of these costs are recoverable by the prevailing party under § 1920(2). The depositions that Defendant seeks to recover—those of both Plaintiffs and two important witnesses—were necessarily obtained for use in the case and cited by Defendant in its

---

[1] Defendant's original request contained an error in the number of hours invoiced by the court reporter. *Compare* Miller Decl. Ex. 1 at 1, ECF No. 36 *with* Miller Decl. Ex. 1 at 1, ECF No. 41. Inadvertently, the reporter listed the deposition as 20 hours long when it only lasted two. After Plaintiffs pointed out the calculation error, Defendant modified its request to $175. *See* Pls.' Objs. 2–3; Def.'s Resp. 1, ECF No. 40.

successful motion for summary judgment. *See* ECF Nos. 16, 17, 27, 28. The cost of taking depositions and obtaining deposition copies may also be awarded, so long as taking the deposition was a reasonable part of the pretrial preparation or was required for a dispositive motion. *See Malbco Holdings, LLC v. AMCO Ins. Co.*, No. CV-08-585-ST, 2010 WL 2572849, at *17 (D. Or. June 22, 2010); *see also Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (holding that courts are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920). Defendant filed the affidavit required under 28 U.S.C. § 1924 verifying its Bill of Costs. Defendant is therefore entitled to an award of $774.50 in costs.

Plaintiffs object to Defendant's request on multiple grounds. First, Plaintiffs broadly contend that any award of costs would have a chilling effect on future civil litigation and similar lawsuits concerning issues of substantial public importance. Pls.' Objs. 3–4. The Court is unconvinced. Every unsuccessful federal litigant faces some possibility of paying the prevailing party's litigation expenses. Meaning, simply having to pay is not enough to rebut the presumption. Here, the amount sought is $774.50 and Plaintiff provides no explanation for how this action could be set apart from any other civil action based on that request. Further, although the constitutionality of park rules is certainly an issue of substantial public importance, the circumstances of this case do not present an adequate justification for departing from the normal award of costs.

More particularly, Plaintiffs contend that each of Defendant's costs should be limited to those deposition pages actually cited in Defendant's dispositive motion briefs. *Id.* at 1–2. This argument also fails. "A deposition need not be absolutely indispensable to justify an award of costs; rather it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary

disposition." *Davico v. Glaxosmithkline Pharms.*, No. CIV. 05-6052-TC, 2008 WL 624049, at *1 (D. Or. Jan. 23, 2008). "In general, the mere fact that items are neither introduced into evidence nor otherwise become part of the official court record is not determinative of whether that item was reasonably or necessarily obtained for use in the case." *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D.Or.1995); *see also Haagen–Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir.1990) (noting that 28 U.S.C. § 1920(4) "does not specifically require that the copied document be introduced in the record to be an allowable cost" (citations omitted)). Thus, qualifying a deposition by how much it was ultimately used contravenes the purpose of the rule. Plaintiffs' objections are overruled.

## CONCLUSION

For the reasons stated, Defendant's Bill of Costs, ECF No. 34, is GRANTED. Defendant is awarded its costs in the amount of $774.50.

IT IS SO ORDERED.

DATED this 16th day of April 2025.

\_\_s/Michael J. McShane\_\_\_\_\_
Michael J. McShane
United States District Judge