**NOT FOR PUBLICATION**

FILED

MAY 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL YERGLER; NICHOLAS HOLLOWS, | No. 25-953 |
| Plaintiffs - Appellants, | D.C. No. 6:23-cv-01545-MC |
| v. | MEMORANDUM[*] |
| CITY OF EUGENE, | |
| Defendant - Appellee, | |
| ERIC EASON, in his official capacity, ERIC HUBBARD, in his official capacity, CRAIG CARNAGEY, in his official capacity, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Argued and Submitted April 15, 2026
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Plaintiffs Samuel Yergler and Nicholas Hollows ("Plaintiffs") appeal from

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the district court's (1) grant of summary judgment to the City of Eugene ("the City") based on its determination that Plaintiffs lacked standing to pursue a facial challenge for prospective relief, and (2) denial of leave to amend their Complaint. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's grant of summary judgment and reverse the denial of leave to amend.

1. To establish Article III standing, a plaintiff must allege an "injury in fact" that is "concrete and particularized" and "actual or imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted). We apply the standing requirements "less stringently" in the First Amendment context. *Imperial Sovereign Ct. of Mont. v. Knudsen*, 170 F.4th 820, 834 (9th Cir. 2026) (citations omitted). "[W]hen the threatened enforcement effort implicates First Amendment rights, the inquiry tilts dramatically toward a finding of standing." *Ariz. Right to Life Pol. Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003) (citation omitted). A plaintiff bringing a pre-enforcement challenge satisfies the injury-in-fact requirement when he alleges (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest," (2) that conduct is "proscribed by a statute"; (3) "and there exists a credible threat of prosecution thereunder." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (internal quotation marks omitted).

25-953

Because they seek prospective declaratory and injunctive relief in their challenge to the City's Park and Open Space Rules ("Park Rules"), Plaintiffs must satisfy the *Driehaus* standard for pre-enforcement challenges. Generally, a plaintiff must articulate a "concrete plan" to violate the challenged rule or allege specifically how they would violate the challenged rule if not for the challenged rule's chilling effect. *See Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000).

A concrete plan need not be "cast in stone," but must be more than a "general intent to violate a statute at some unknown date in the future." *Id.* Particularly when the plaintiff has not violated the challenged rule in the past, they must give "details about their future speech such as 'when, to whom, where, or under what circumstances.'" *Lopez v. Candaele*, 630 F.3d at 787 (quoting *Thomas*, 220 F.3d at 1139). Conversely, "past enforcement against the same conduct is good evidence that the threat of enforcement is not chimerical." *Driehaus*, 573 U.S. at 164 (internal quotation marks omitted). Thus, we have previously found that plaintiffs alleged a sufficiently concrete plan when they specifically alleged or attested they would continue engaging in the same conduct for which they had previously faced enforcement. *See, e.g.*, *Porter v. Martinez*, 68 F.4th 429, 437 (9th Cir. 2023) (driver cited for honking in support of a protest had standing to challenge the law under which she was cited when she alleged an intention to honk

25-953

in support of future protests); *cf. Oklevueha v. Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 835-36 (9th Cir. 2012) (plaintiffs did not need to allege "how, where, and in what quantities" they intended to consume marijuana in the future because they alleged they "have used marijuana in violation of the [challenged law] countless times, and plan to continue to do so" on a daily or semi-monthly basis).

In 2021, Hollows received a "Notice of Restriction of Use" under Park Rule 1.005(3) for verbally engaging and questioning officers who were conducting sweeps of unhoused people in Washington-Jefferson Park.  In 2022, Yergler was cited and fined under Park Rule 1.010(16) for shouting during the city manager's speech at the grand opening of the Downtown Riverfront Park.

However, Hollows lives across the country in New York, and he admits that he has no "specific plans" to return to Eugene but rather would "like to visit, you know, when it's nice out."  Hollows' admission demonstrates that he holds only the sort of "some day intentions" that the Supreme Court has instructed "do not support a finding of the actual or imminent injury" that standing requires.  *Lujan*, 504 U.S. at 564 (internal quotation marks omitted).

Yergler continues to reside in Eugene but asserts only a general and vague intention to "continue speaking out in public spaces against the City's policies." He offers no details about when, where, in what context, in what manner, or on

4

25-953

what topics he intends to speak.  In particular, he does not even allege that he intends to speak in the parks, open spaces, or facilities governed by the Park Rules. Yergler fails to state with sufficient specificity the conditions or circumstances under which he has spoken in the past and would speak in the future.  *Cf. Porter*, 68 F.4th at 437 (finding testimony sufficiently specific where plaintiff testified that, but for the challenged rule, she would honk her horn if she were driving down the freeway and there was a banner that said "Support Our Veterans," and described "driving by specific political protests where she had wished to honk to show her support but refrained from doing so to avoid receiving another citation"); *Tingley v. Ferguson*, 47 F.4th 1055, 1067-68 (9th Cir. 2022) (concluding plaintiff alleged a sufficiently "concrete plan" to provide therapy that arguably violated the challenged law, even though he could not specifically predict when (or even if) another client would come seeking such therapy, because he specifically described past instances), *abrogated on other grounds by Chiles v. Salazar*, 607 U.S. --- (2026).  We therefore cannot find that he faces a credible risk of future enforcement under the Park Rules.

Plaintiffs argue that requiring them to disclose more concrete plans would threaten their constitutionally protected right to "unplanned, spontaneous protests." But Plaintiffs exaggerate the level of disclosure required.  We merely require the level of articulation to be concrete enough to determine that Plaintiffs actually risk

25-953

enforcement under the law that they are challenging.  Even considering the "unique standing considerations" presented by First Amendment challenges, neither Plaintiff has demonstrated standing for a pre-enforcement facial challenge of the Park Rules.  *Ariz. Right to Life*, 320 F.3d at 1006.

2.  The justiciability analysis in this case is further complicated by the fact that, after Plaintiffs filed their complaint, the City amended the challenged rules. The City contends the amendments render Plaintiffs' claims moot, but it represented at oral argument that if Plaintiffs engaged in the same conduct in the same manner as before, they would be subject to prosecution under the amended rules.  "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Based on representations made at oral argument, we hold that Plaintiffs should be granted leave to amend their Complaint to address the rule amendments and the deficiencies in their demonstration of standing.

**AFFIRMED IN PART AND REVERSED IN PART.**

The parties shall bear their own costs. Fed. R. App. P. 39(a).

6

25-953