**Ben Miller, OSB #074690**
**BMiller@eugene-or.gov**
Eugene City Attorney's Office
500 East 4th Avenue, Suite 301
Eugene, OR 97401
Telephone: (541) 682-8447
Facsimile: (541) 682-5414

Of Attorneys for Defendant City of Eugene

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **SAMUEL YERGLER** and **NICHOLAS HOLLOWS**,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF EUGENE,**<br><br>Defendant. | Case No: 6:23-cv-01545-MC<br><br>**DEFENDANT CITY OF EUGENE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

For its Answer to plaintiffs' First Amended Complaint, defendant City of Eugene admits, denies, and alleges as follows:

1.

In response to paragraph 1, the City admits plaintiffs have filed an action under 42 U.S.C. § 1983 and state law against the City. The City admits that plaintiffs bring a facial challenge to various City rules as alleged in the First Amended Complaint. The City denies that any of plaintiffs' claims or allegations have merit. The City otherwise denies paragraph 1 as written.

2.

In response to paragraph 2, the City admits this Court has jurisdiction over plaintiffs'

federal claims under 28 U.S.C. § 1331 and § 1343. The City admits that venue is proper under 28 U.S.C. § 1391(b) in that one or more of the defendants reside in the District of Oregon and that a substantial part of the alleged events or omissions giving rise to the claims occurred in the District of Oregon but deny the events occurred as plaintiffs allege. The City admits that 28 U.S.C. § 2201(a) provides the Court a source of authority to grant declaratory or equitable relief but denies that either is appropriate in this case. The City otherwise denies paragraph 2 as written.

3.

In response to paragraph 3, the City admits that it owns and controls over 5000 acres of park and open space, as those terms are defined elsewhere. The City admits that it has created Park and Open Space Rules covering those defined areas and other administrative orders or City Code provisions that apply. The City admits that the Park and Open Space Rules were adopted pursuant to Eugene Code 2.019(1)(h) and the authority contained elsewhere in City Code, the City Charter, and the Oregon Constitution. The City further admits that the City Manager or her designees are authorized to implement City Code provisions and create administrative orders, within the parameters of City Code, the City Charter, and the Oregon Constitution, or applicable state or federal laws or the U.S. Constitution. The City otherwise denies paragraph 3 as written.

4.

In response to paragraph 4, the City admits that through administrative orders, the City Manager has delegated to the Executive Director of the Public Works Department the authority to promulgate and enforce the Park and Open Space Rules.

5.

In response to paragraph 5, the City admits that Park and Open Space Rule 1.005(1)(a) provides, "In addition to any other existing authority for citation and/or arrest, if a violation of these [Park and Open Space] Rules takes place in the presence of a police officer, the violator may be subject to arrest by the officer or the officer may issue a misdemeanant citation in lieu of arrest" but otherwise denies paragraph 5 as written.

6.

In response to paragraph 6, the City admits that the Park and Open Space Rules reference the punishment provided by Eugene Code 2.1990(2) but otherwise denies paragraph 6 as written.

7.

In response to paragraph 7, the City admits that the First Amended Complaint quotes from Park and Open Space Rule 1.005(2)(a) and that the City has the power to issue Notices of Restriction of Use as otherwise provided by the Park and Open Space Rules, City Code, and state law and the Oregon and U.S. Constitutions, but otherwise denies paragraph 7 as written.

8.

In response to paragraph 8, the City admits that Park and Open Space Rule 1.010(17) provides: "In addition to any other prohibitions in these Rules, the following activities are prohibited within a park or open space area: *** *(17) Engaging in any activity or conduct which disturbs a City event or an event for which the City has issued a Use Permit pursuant to Section 1.004 of these Rules." The City admits that Park and Open Space Rule 1.010(17) does not define the term "disturbs" and that a violation of that rule may be punishable by jail time or a fine as provided in Eugene Code 2.1990(2), and/or a Notice of Restriction of Use. The City otherwise denies paragraph 8 as written.

9.

In response to paragraph 9, the City admits that a Notice of Restriction of Use may be appealed by filing a written appeal with the Parks & Open Space Division Director within 48 hours (not including weekends) or by calling as provided by Park and Open Space Rule 1.074(2), that enforcement is automatically stayed, and that if the Notice of Restriction is not reversed it may then be appealed to the Eugene Municipal Court. The City otherwise denies paragraph 9 as written.

10.

The City denies paragraph 10.

11.

The City denies paragraph 11.

12.

The City denies paragraph 12.

13.

In response to paragraph 13, the City admits that Mr. Hollows was located in Eugene on or about November 15, 2021, but lacks information or belief sufficient for it to admit the remaining allegations of paragraph 13 and, therefore, denies them.

14.

In response to paragraph 14, the City lacks information or belief sufficient for it to admit the allegations of paragraph 14 and, therefore, denies them.

15.

In response to paragraph 15, the City lacks information or belief sufficient for it to admit the allegations of paragraph 15 and, therefore, denies them.

16.

In response to paragraph 16, the City lacks information or belief sufficient for it to admit the allegations of paragraph 16 and, therefore, denies them.

17.

In response to paragraph 17, the City lacks information or belief sufficient for it to admit the allegations of paragraph 17 and, therefore, denies them.

18.

In response to paragraph 18, the City lacks information or belief sufficient for it to admit the allegations of paragraph 18 and, therefore, denies them.

19.

In response to paragraph 19, the City admits that Mr. Yergler was located in Eugene on or about June 10, 2022, denies that it has ever subjected Mr. Yergler to ticketing, exclusion,

arrest, and prosecution due in any part to his expressive conduct, and lacks information or belief sufficient for it to admit the remaining allegations of paragraph 19 and, therefore, denies them.

20.

In response to paragraph 20, the City lacks information or belief sufficient for it to admit the allegations of paragraph 20 and, therefore, denies them.

21.

In response to paragraph 21, the City lacks information or belief sufficient for it to admit the allegations of paragraph 21 and, therefore, denies them.

22.

In response to paragraph 22, the City admits that the City of Eugene is a municipality, incorporated under the laws of the State of Oregon, that it may be sued under 42 U.S.C. § 1983, and that the City of Eugene is responsible for the acts and omissions of its employees and officials as provided in ORS 30.265. The remainder of paragraph 22 consists of legal conclusions and not factual allegations. To the extent any response is required, the City denies the remainder of paragraph 22.

23.

The City denies paragraph 23 as written.

24.

The City denies paragraph 24 as written.

25.

The City denies paragraph 25.

26.

The City denies paragraph 26.

27.

The City denies paragraph 27.

28.

Paragraph 28 consists of a legal conclusion and not a factual accusation and so no

response is required. To the extent any response is required the City denies paragraph 28 as incomplete.

29.

Paragraph 29 consists of a legal conclusion and not a factual accusation and so no response is required. To the extent any response is required the City denies paragraph 29 as incomplete.

30.

Paragraph 30 consists of a legal conclusion and not a factual accusation and so no response is required. To the extent any response is required the City denies paragraph 30 as incomplete.

31.

The City denies paragraph 31.

32.

The City denies paragraph 32.

33.

In response to paragraph 33, the City admits on November 15, 2021, Mr. Hollows was present in Washington-Jefferson Park in Eugene, Oregon, during daylight hours, when the park was open to the public, that Mr. Hollows committed the crime of interference with a peace officer under Eugene Code 4.907 in the presence of Eugene Police Officers Eason and Hubbard, and that Mr. Hollows' commission of that crime was captured on body worn camera video.

34.

In response to paragraph 34, the City admits that Eugene Police Officer Eason arrested and booked Mr. Hollows for a violation of Eugene Municipal Code 4.907 and that Mr. Hollows also received a "Notice of Restriction of Use" the text and context of which speaks for itself. The City otherwise denies paragraph 34.

35.

In response to paragraph 35, the City admits that Mr. Hollows appealed his exclusion

order to the Parks and Open Spaces Division Director, who held an informal hearing on November 19, 2021, that Mr. Carnagey upheld the exclusion on the same day, that Mr. Hollows sought further review at Eugene Municipal Court and that the City of Eugene Prosecutor's Office voluntarily dismissed the exclusion order on January 7, 2022, because "[t]he exclusion hearing was held outside the prior timeline allowable by the City Code" which at the time was 72 hours of receipt of a request for a hearing. The City admits that it adopted Administrative Order 58-22-22 on or about June 6, 2022, the text and context of which speak for itself.

36.

In response to paragraph 36, the City admits that after he entered a plea of no contest and after he completed a six-month diversion agreement the City dismissed Mr. Hollows' criminal charge of interference with a peace officer in Eugene Municipal Court on or about June 7, 2023.

37.

In response to paragraph 37, the City admits that on June 10, 2022, Mr. Samuel Yergler attended the grand opening of the new Downtown Riverfront Park in Eugene, Oregon, that the event featured speeches by public officials, and that during a speech by the City Manager Mr. Yergler yelled loudly about a variety of topics and that the volume of his speech was so loud it amounted to an unreasonable amount of noise.

38.

The City denies paragraph 38 as written.

39.

In response to paragraph 39, the City admits that Eugene Police Officer Eason arrested and then cited and released Mr. Yergler for a violation of Eugene Municipal Code 2.019 and Park and Open Space Rule 1.010(16) and that Mr. Yergler also received a "Notice of Restriction of Use" from Officer Hubbard, the text and context of which speak for itself. The City otherwise denies paragraph 39.

40.

In response to paragraph 40, the City admits that Mr. Yergler appealed his exclusion

order to the Parks and Open Spaces Division Director, who held an informal hearing on June 16, 2022, that Mr. Carnagey upheld the exclusion on the same day, that Mr. Yergler sought further review at Eugene Municipal Court on June 21, 2022. The City admits that the City of Eugene Prosecutor's Office criminally charged Mr. Yergler in Eugene Municipal Court on June 27, 2022, with a violation of Park and Open Space Rule 1.010(17). The City otherwise denies paragraph 40.

41.

In response to paragraph 41, the City admits that the City of Eugene Prosecutor's Office voluntarily dismissed the exclusion order against Mr. Yergler on or about January 17, 2023, and voluntarily dismissed the criminal charge against Mr. Yergler on or about January 13, 2023.

42.

The City denies paragraph 42.

43.

The City denies paragraph 43.

44.

The City denies paragraph 44.

45.

In response to paragraph 45, the City repeats its admissions and denials to paragraphs 1 through 44 above.

46.

The City denies paragraphs 46 through 55.

47.

In response to paragraph 56, the City repeats its admissions and denials to paragraphs 1 through 44 above.

48.

The City denies paragraphs 57 through 64.

49.

In response to paragraph 65, the City repeats its admissions and denials to paragraphs 1 through 44 above.

50.

The City denies paragraphs 66 through 71.

51.

In response to paragraph 72, the City repeats its admissions and denials to paragraphs 1 through 44 above.

52.

The City denies paragraph 73 as written.

53.

The City denies paragraphs 74 through 80.

54.

In response to paragraph 81, the City repeats its admissions and denials to paragraphs 1 through 44 above.

55.

In response to paragraph 82, the City admits that paragraph 82 contains a partial quote of Eugene Code 2.019(1) but denies that it constitutes all of the authority of the City Manager and so denies paragraph 82 as written.

56.

In response to paragraph 83, the City admits that the City Manager has delegated rulemaking authority to others but otherwise denies paragraph 83 as written.

57.

In response to paragraph 84, the City admits that other Eugene Code provisions provide different authorities and appeal processes for different scenarios, including Eugene Code 2.018 and 2.021, but the remainder of paragraph 84 consists of legal conclusions to which no response is required. To the extent a response is required the City denies paragraph 84 as written.

58.

The City denies paragraphs 85 through 87.

59.

In response to paragraph 88, the City admits that plaintiffs provide an accurate quote from *Larson v. Domestic & Foreign Commerce Corporation*, 337 U.S. 682, 689 (1949) but otherwise denies paragraph 88.

60.

The City denies paragraphs 89 through 94.

61.

Except as expressly admitted above, the City denies each and every allegation of plaintiffs' First Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

**(Subject Matter Jurisdiction/Standing)**

62.

The Court lacks subject matter jurisdiction because plaintiffs lack standing.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

63.

One or more of plaintiffs' claims fail to state ultimate facts sufficient to constitute claims against defendant.

**THIRD AFFIRMATIVE DEFENSE**

**(*Heck* Doctrine/Issue Preclusion)**

64.

One or more of plaintiffs' claims for relief is barred on the basis of the *Heck* doctrine and/or issue preclusion.

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**(Probable Cause for Arrest)**

65.

There was probable cause to arrest plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

**(Legal Justification)**

66.

The actions of defendant toward plaintiffs were legally justified and lawful.

**SIXTH AFFIRMATIVE DEFENSE**

**(Due Process)**

67.

Plaintiffs received constitutionally sufficient Due Process under the Fourteenth Amendment to the United States Constitution.

**DEMAND FOR JURY TRIAL**

68.

Defendant requests a jury trial.

WHEREFORE, the City prays for a judgment in its favor on all claims asserted against it in plaintiffs' First Amended Complaint, for an award of its reasonable attorneys' fees, costs, and disbursements, and such further and additional relief as is just and proper.

DATED this 28th day of September, 2026.

**CITY OF EUGENE**

By: s/ Ben Miller

Ben Miller, OSB #074690
BMiller@eugene-or.gov
Telephone: (541) 682-8447
Facsimile: (541) 682-5414

Of Attorneys for Defendant City of Eugene

**CERTIFICATE OF SERVICE**

I certify that on this 28th day of September, 2026, I served or caused to be served a true and complete copy of the foregoing **DEFENDANT CITY OF EUGENE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** on the party or parties listed below as follows:

**X** Via CM / ECF Filing

______ Via First Class Mail, Postage Prepaid

______ Via Email

Marianne Dugan
Civil Liberties Defense Center
1711 Willamette St., Ste. 301 #359
Eugene, OR 97401

Attorney for Plaintiffs

**CITY OF EUGENE**

By: s/ Ben Miller
Ben Miller, OSB #074690
BMiller@eugene-or.gov
Telephone: (541) 682-8447
Facsimile: (541) 682-5414

Of Attorneys for Defendant City of Eugene